**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **FABRICE AKEUBA AGOWANJI** | **CIVIL CASE NO. 26-3783 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **MISTY MACKEY, ET AL** | **MAGISTRATE JUDGE MCCLUSKY** |

# MEMORANDUM RULING AND ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (R. Doc. 1), a Motion for Preliminary Injunction and Expedited Briefing Schedule ("Motion") (R. Doc. 29), and a Motion to Amend/Correct Petition for Writ of Habeas Corpus (R. Doc. 31) filed by Petitioner Fabrice Akeuba Agowanji ("Petitioner"). Petitioner is a Cameroon national who was ordered to be removed from the United States but received deferral of removal to Cameroon under the Convention Against Torture ("CAT") on January 14, 2025.[1] Petitioner previously filed a Temporary Restraining Order ("TRO")[2] which the Court granted, enjoining Respondents from removing Petitioner from the United States for fourteen (14) days (R. Doc. 21). The Court declined to extend the TRO and Petitioner was removed to Burundi on October 22, 2026.[3]

[1] R. Doc. 1 at pp. 4, 7–8.

[2] R. Doc. 16.

[3] R. Doc. 27; R. Doc. 29-1 at p. 2.

## I. INJUNCTIVE RELIEF

Petitioner's Motion seeks injunctive relief requiring Respondents to facilitate his safe return and entry into the United States for adjudication of his pending habeas case, and an account of Respondents' knowledge of Petitioner's exposure to refoulement from Burundi to Cameroon.[4] The decision of whether to grant or deny a preliminary injunction lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). And courts should deny such motions more often than not. *See Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction."). Entitlement to such extraordinary remedies as those provided under Rule 65, must be "unequivocally show[n]," *Suburban Propane, L.P. v. D & S GCTX LLC*, 1:25-CV-00706, 2025 WL 2429087, at *2 (W.D. Tex. May 20, 2025). Petitioner asserts a likelihood of success on the merits; however, none of the authority cited supports the requested relief. Against this backdrop, we find that Petitioner should be denied further injunctive relief due to a lack of an unequivocal showing.

## II. AMENDED HABEAS PETITION

Petitioner seeks to supplement his original habeas petition with additional allegations regarding the process to effect his removal to Burundi and the Respondents' knowledge of the risk of Petitioner's refoulement to Cameroon. However, Petitioner cannot overcome this Court's lack of jurisdiction to address these issues.

[4] R. Doc. 29 at p. 1.

An alien who has been removed from the United States is not "in custody," as required for a court to have the power to grant a writ of habeas corpus. See *Merlan v. Holder*, 667 F.3d 538 (5th Cir. 2011) (per curiam). "Although an applicant need not be in actual physical custody to pursue a habeas action, there must be some type of restraint on the liberty of a person." *Id.* at 539. That restraint must be imposed by the United States. See *Nabeel v. Prendes*, 3:12-CV-0666, 2012 WL 3731231 (N.D. Tex. 2012) *report and recommendation adopted*, 2012 WL 3734428 (N.D. Tex. 2012) (the court lacked habeas jurisdiction for deported petitioner under "virtual house arrest" in Bangladesh.) Here, Petitioner's alleged restraint in Burundi is imposed by the Burundi government.

The Petitioner's proposed supplement to his petition does not provide a sufficient basis to exercise habeas jurisdiction. Without jurisdiction, dismissal is mandatory. *Merlan*, 667 F.3d at 539.

## III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Preliminary Injunction and Expedited Briefing Schedule (R. Doc. 29) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Amend/Correct Petition for Writ of Habeas Corpus (R. Doc. 31) is **DENIED** and the Petition for Writ of Habeas Corpus (R. Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**THUS DONE AND SIGNED** this 12th day of November, 2026.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**